United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30950
Summary Calendar

_____

VYRON L BROWN,

                                        Plaintiff - Appellant,

                        versus

CITY OF SHREVEPORT; COMMUNITY DEVELOPMENT, on behalf of
Neighborhood Revitalization Program, on behalf of Emergency
Recovery Program, on behalf of Permits Department, on behalf of
Paint Your Heart Out; UNKNOWN EMPLOYEES; RON ADAMS; EVA PHILLIPS;
MARCIA NELSON; J C MARSHALL; KEITH HIGHTOWER; TERRI SCOTT
ANDERSON; RAMON LAFITTE; LILLIAN PRIEST

                                        Defendants - Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2415
---------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Vyron Brown appeals the district court's order granting

summary judgment to the City of Shreveport and other defendants,

dismissing Brown's § 1981 and § 1983 racial discrimination claims

with prejudice.

------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review de novo the district court's order granting summary judgment.[1]  We will affirm a summary judgment only when there is no genuine issue of material fact.[2]  But "if the nonmovant fails to establish facts in support of an essential element of his prima facie claim, summary judgment is appropriate."[3]

Brown has failed to establish facts in support of multiple elements of his § 1981 and § 1983 claims.  First, Brown provides no evidence that the relevant state actors had policy-making authority such that their discretionary decisions could constitute an official municipal policy.  Second Brown provides no evidence of widespread and persistent discrimination that could constitute a custom fairly representing an official policy.  Third, Brown provides no evidence of purposeful discrimination to support his § 1981 claim.[4]  Finally, Brown provides no evidence that he was treated less favorably than similarly-situated people outside the protected class.  Given these failings, summary judgment was appropriate.[5]

---

[1] *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 257-58 (5th Cir. 2001).

[2] FED. R. CIV. P. 56(c).

[3] *Holtzclaw*, 255 F.3d at 257-58.

[4] *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982).

[5] *Webster v. Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *Bennett v. Slidell*, 728 F.2d 762, 767 (5th Cir. 1984).

AFFIRMED.